IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHERBORAH DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-283 (MTT) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Claimant's Motion for Attorney's Fees. (Doc. 33). The Claimant seeks recovery of fees pursuant to the Equal Access to Justice Act ("EAJA"). The Claimant seeks the applicable EAJA statutory cap with inflation for the 85.4 hours of work performed by Joel Grist, Charles C. Martin, and Michel Phillips, totaling $15,219.18. The Commissioner responds by alleging that the Motion should be denied because the Commissioner's decision to deny benefits was substantially justified. Further, the Commissioner contends, if the Court finds that he was not substantially justified, that the hours requested by the Claimant are excessive and should be reduced.

For the following reasons, the Motion is **GRANTED**. The Court finds the Commissioner was not substantially justified in his decision to defend the Administrative Law Judge's decision to deny the Claimant disability benefits. Further, the Claimant has

not requested to be compensated for an unreasonable number of hours expended on the case. The Claimant is entitled to 5.6 hours in 2009 at a rate of $172.24/hr, 31.35 hours in 2010 at a rate of $175.06/hr, 44.15 hours in 2011 at a rate of $180.59/hr, .1 hours in January 2012 at a rate of $181.97, 1 hour in March 2012 at a rate of $184.16/hr, and 3.2 hours in April 2012 at a rate of $184.72/hr, totaling $15,219.18 for 85.4 hours of work.[1]

## I.     Factual and Procedural History

The Claimant filed a claim for disability benefits pursuant to the Social Security Act alleging that she was disabled as a result of physical and/or mental impairment. The Claimant's application was denied initially and upon reconsideration. After a hearing, the ALJ found that the Claimant was not disabled. The Appeals Council subsequently denied the Claimant's request for review and, ultimately, the Claimant was denied disability benefits. The Claimant then appealed that decision to this Court and the Court affirmed the Commissioner's decision. The Claimant appealed the decision to the United States Court of Appeals for the Eleventh Circuit, and the Court's decision was ultimately vacated and remanded for the ALJ to "explicitly reconsider Dr. Mallary's opinion in light of his treatment notes, the record as a whole, and his position as Davis's treating psychiatrist." *Davis v. Comm'r of Soc. Sec.*, 449 Fed. Appx. 828, 833 (11th Cir. 2011). The Eleventh Circuit also held the ALJ's credibility finding was not supported by substantial evidence. Further, the Eleventh Circuit held the ALJ's findings regarding the Claimant's medical treatment was not supported by substantial evidence because the

---

[1] The Court expects that the Claimant's counsel will provide the proper EAJA calculation in future motions for attorney's fees.

ALJ "fail[ed] to consider that the reason for hospitalization (suicidal ideation) was consistent with the record as a whole." *Id.* at 834.

## II.     The Denial of Benefits Was Not Substantially Justified

Pursuant to EAJA, a "court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort) … brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Neither party disputes that the Claimant is a "prevailing party" for purposes of EAJA's applicability.[2]  However, the Commissioner contends that the Motion should be denied because the Commissioner was substantially justified in his decision to deny the Claimant disability benefits despite the Eleventh Circuit's decision to vacate and remand the case.  "The Government's position under EAJA is substantially justified ... when it is justified to a degree that would satisfy a reasonable person … when it has a reasonable basis in both law and fact.  The Government bears the burden of showing that its position was substantially justified."  *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (internal quotations and citations omitted).

The Commissioner now advances several *post hoc* arguments to support the ALJ's decision to reject Dr. Stephen Mallary's opinion.  The Commissioner argues he did not dispute that Dr. Mallary was the treating physician on appeal, even though the ALJ did not realize Dr. Mallary was the treating physician.  Although the ALJ did not

---

[2] Any claimant who obtains a court order remanding his or her Social Security claim to the Commissioner for further proceedings is a "prevailing party" for purposes of EAJA.  *Shalala v. Schaefer*, 509 U.S. 292 (1993).

realize Dr. Mallary was the treating physician, the Commissioner contends the ALJ applied the proper legal standards for considering a nontreating doctor's opinion. The Commissioner also argues he was substantially justified in rejecting the Claimant's credibility. The Commissioner further points to this Court's affirmance of the Commissioner's decision to support his contention.[3]

With regard to Dr. Mallary, the ALJ has an affirmative obligation to provide detailed explanations for failing to give controlling weight to treating physicians' medical opinions. 20 C.F.R. § 404.1527(d)(2). As the Eleventh Circuit pointed out in its decision, "[t]he ALJ must give a treating physician's opinion 'substantial or considerable weight' unless there is good cause to disregard the opinion." *Davis*, 449 Fed. Appx. at 832-33 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)). Further, even with good cause, the ALJ must clearly articulate his reasons for disregarding a treating physician's opinion. *Davis*, 449 Fed. Appx. at 833.

Here, the Commissioner has not met his burden. The Commissioner cannot be substantially justified in defending the ALJ's decision because the ALJ's decision did not comply with the required legal standards. A treating physician's opinion must be given substantial or considerable weight. Of course, the ALJ could not have given Dr. Mallary's opinion the proper weight because the ALJ did not realize Dr. Mallary was the treating physician. This was in error, and the Commissioner was not substantially

---

[3] Of course, as the Eleventh Circuit made clear, the Court erred when it affirmed the Commissioner's decision.

justified in his decision to deny the Claimant's disability benefits.[4]

### III.     The Hours Requested by the Claimant

The Commissioner argues the Claimant's hours are "excessive and unreasonable." (Doc. 36, at 12).  A claimant is entitled to receive compensation for reasonable time expended by his attorney.  *Hartage v. Astrue*, 2011 WL 1123401, at *1 (M.D. Ga.).  Further, while an attorney "may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights," there "is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer."  *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1301-02 (11th Cir. 1988).

Here, the Claimant has requested a reasonable number of hours expended by his attorneys relating to the appeal of the Commissioner's denial of disability benefits.  None of the claimed hours are duplicative, clerical, or excessive.  Therefore, the Claimant shall receive compensation for the 85.4 hours expended by his attorneys on the case.

---

[4] Because the Commissioner was not substantially justified in defending the ALJ's decision with regard to the weight given to Dr. Mallary's opinion, there is no need to decide whether the Commissioner was substantially justified in rejecting the Claimant's credibility because these claims are intertwined.  *United States v. Jones*, 125 F.3d 1418, 1427 (11th Cir. 1997).  In other words, this "'lawsuit cannot be viewed as a series of discrete claims' and the attorneys should be fully compensated for their work on the case as a whole."  *Haitian Refugee Center v. Meese*, 791 F.2d 1429, 1500 (11th Cir. 1986) *vacated in part by Haitian Refugee Center v. Meese*, 804 F.2d 1573 (11th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

For the foregoing reasons, the Motion is **GRANTED**. The Claimant shall receive $15,219.18 in attorney's fees and these fees shall be paid directly to the Claimant.

**SO ORDERED**, this the 21st day of May, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
